UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIEZER SALGADO DELGADO,

      Petitioner,

v.

      Case No.:  2:26-cv-01009-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondents,

          /

**OPINION AND ORDER**

Before the Court is petitioner Eliezer Salgado Delgado's Petition for Writ of Habeas Corpus (Doc. 1).  The Court served the petition on the local U.S. Attorney's Office and the U.S. Attorney General and ordered the government to file a response by April 16, 2026.  The warden of Florida Soft Side South filed a motion to dismiss (Doc. 5), which the Court denied, (Doc. 6).  The respondents have not otherwise responded to Salgado Delgado's claims.  For the below reasons, the Court grants his petition.

Salgado Delgado is a native of Cuba with a U.S. citizen wife and child. An immigration judge ordered him removed on October 29, 2014.  On November 5, 2014, Immigration and Customs Enforcement ("ICE") released him on an order of supervision.  He has complied with its terms, including checking in regularly with ICE.  But on December 17, 2025, ICE unexpectedly

arrested him.  He is currently detained at Alligator Alcatraz.  Salgado Delgado challenges the legality of his detention because removal is not likely.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Salgado Delgado has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him since 2014, despite his compliance with the order of supervision, and the government has provided no information suggesting removal will occur soon. The burden thus shifts to the respondents, but they did not respond to the petition.

The Court finds no significant likelihood Salgado Delgado will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Salgado Delgado to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Eliezer Salgado Delgado Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Salgado Delgado within 24 hours of this Order, and they shall provide him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to send a copy of this order to USAFLM.Alcatraz@usdoj.gov, terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record