UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIEZER SALGADO DELGADO,

     Petitioner,

v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

     Respondents,

Case No.:  2:26-cv-01009-SPC-NPM

## <u>OPINION AND ORDER</u>

Before the Court is the Federal Respondents' Motion for Relief from Judgment under Fed. R. Civ. P. 60 (Doc. 9). Eliezer Salgado Delgado is a noncitizen who filed this habeas action to challenge the legality of his immigration detention. The warden of the detention facility filed a motion to dismiss, but no respondent timely answered Salgado Delgado's habeas claim on the merits. The Court granted the petition under *Zadvydas v. Davis*, 533 U.S. 678 (2001), ordered the respondents to release Salgado Delgado, and entered judgment. The federal respondents now move to set aside the judgment because they did not receive notice of the petition until after the Court granted it. While the Court ordered the Clerk to serve the petition on the local U.S. Attorney's office by email, that email was apparently never sent.

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a judgment or order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."   The Clerk's apparent failure to serve the petition on the U.S. Attorney's office certainly meets the threshold for Rule 60(b) relief. Nevertheless, the Court will deny the motion because reopening the case would be futile.

The respondents ask the Court to reopen this case so they can argue the petition is premature because Salgado Delgado's detention has not exceeded 180 days.  But that argument will not change the result.  The respondents assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas*. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  As the Court explained in its prior order, Salgado Delgado carried the initial burden by showing good cause to believe he will not be removed in the reasonably

foreseeable future. The respondents do not claim they can respond with evidence to rebut that showing.

In sum, the Court acknowledges the lack of a responsive pleading was due to a clerical error and was not the fault of the federal respondents and U.S. Attorney's office. However, reopening the case would be futile because the only defense the respondents intend to raise lacks merit and would not change the outcome. Accordingly, the Federal Respondents' Motion for Relief from Judgment under Fed. R. Civ. P. 60 (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record